

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00434-CV

**MICHAEL A. PEREZ AND ELIZABETH A. PEREZ,**

                                                            **Appellants**

 **v.**

**BOBBY FELDER D/B/A F&W ELECTRIC,**

                                                            **Appellee**

### From the 361st District Court
### Brazos County, Texas
### Trial Court No. 12-001846-CV-361

## ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073 (West 2011). The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes … and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement

conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that this appeal is appropriate for mediation. *See id.* § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9.

Judge Rick Morris (ph. 254-718-3388) is appointed as Mediator. The Mediator will negotiate a reasonable fee with the parties, and Appellant and Appellee shall each pay one-half of the fee directly to the Mediator. The total fee will ultimately be taxed as costs by the Court.

Mediation must occur within sixty days after the date of this order. The parties are directed to confer with the Mediator to establish a date for the mediation. In the event the parties cannot agree on a date for the mediation, the Mediator shall select and set a date and time.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fee will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay the agreed-upon fee directly to the mediator.

Failure or refusal to attend the mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this order must be filed with this Court and served upon all parties within ten days after the date of this order, or it is waived.

We grant Appellants' motion for mediation and refer this appeal to mediation.

The appeal and all appellate deadlines are suspended as of the date of this order. The suspension is automatically lifted when the Court receives the mediator's report. If the case is not resolved at mediation, any deadline that began to run and had not expired by the date of this order will begin anew as of the date the Court receives the mediator's report. Any document filed by a party after the date of this order and before the receipt of the mediator's report will be deemed filed on the same day, but after the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Order issued and filed September 26, 2013
Do not publish